UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

BERNICE MCCRAY,
         Plaintiff,
vs.

COSTCO WHOLESALE CORP.,
         Defendant.
_____/

## NOTICE OF REMOVAL

Please take notice that Defendant, COSTCO WHOLESALE CORP., by and through the undersigned counsel, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, hereby removes the above captioned action from the Fifteenth Judicial Circuit in and for Palm Beach County, State of Florida, to the United States District Court, Southern District of Florida, on the following grounds:

1. Defendant, COSTCO WHOLESALE CORP. ("Defendant"), a foreign corporation, is the sole named Defendant in a civil action filed by Plaintiff, BERNICE MCCRAY ("Plaintiff") in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, on December 21, 2021. *See Plaintiff's Complaint attached hereto as Exhibit "1."* The single-count Complaint alleges a claim for negligence arising out of an incident where Plaintiff alleges she tripped and fell on Defendant's premises located in Royal Palm Beach, Florida. *Exhibit 1* at ¶ 5 and 7-11.

2. Thereafter, a summons was issued and served on Defendant on January 19, 2022. *See Summons attached hereto as Exhibit "2."* On February 15, 2022, Defendant filed its Answer and Affirmative Defenses. *See Answer attached hereto as Exhibit "3."*

3. Pursuant to 28 U.S.C. § 1446(a) and Rule 10(c), Fed.R.Civ.P., copies of all process, pleadings, and orders served upon the Defendant (to date, the Complaint and summons) are attached as Exhibits 1 and 2 and are incorporated by reference herein.

1

4. Plaintiff alleged in her Complaint that she "was and is a resident of Palm Beach County, Florida." *Exhibit 1* at ¶ 3.

5. At all times material hereto, Defendant was and is a corporation incorporated in and with its principal place of business in the State of Washington. *See affidavit attached hereto as Exhibit "4."*

6. Plaintiff alleged in her Complaint that "[t]his is an action for damages that exceed the minimum jurisdictional amount" for the Florida Circuit Court. *Exhibit 1* at ¶ 1.

7. Accordingly, Defendant served discovery to Plaintiff in the form of request for admissions, to determine whether a basis for federal diversity jurisdiction existed. *See Request for Admissions to Plaintiff attached hereto as Exhibit "5."*

8. On April 1, 2022, in response to Defendant's Request for Admissions, Plaintiff admitted that, at the time of the filing of her action and at present, she is domiciled in Florida and resides in Florida. *See Plaintiff's Response to Requests for Admission attached hereto as Exhibit "6" at* ¶ 3 and 6. Further, Plaintiff alleged in her Complaint that she was and is a resident of Palm Beach County, Florida. *Exhibit 1* at ¶ 3.

9. Additionally, in response to Defendant's Request for Admissions, Plaintiff admitted that the total amount of medical expenses that she claims to have incurred as a result of the incident alleged in the Complaint exceed $75,000. *See Exhibits* 5 *and 6* at ¶ 7.

10. As set forth in detail below, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), since the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States. Defendant therefore provides Notice of Removal from the Fifteenth Judicial Circuit in and for Palm Beach County, State of Florida, to the United States District Court, Southern District of Florida.

Concurrent with the filing of this Notice of Removal with this Court, Defendant will provide Notice of Removal to the Plaintiff, through the attorney of record in the state court action as required by 28 U.S.C. § 1446(d), as well as notice to the Clerk of the State Court in and for the Fifteenth Judicial Court in and for Palm Beach County, State of Florida.

### FACTS SUPPORTING BASIS FOR REMOVAL

At the time of the filing of this action, and at all times material, Defendant is a for-profit corporation incorporated in and with principal place of business in the state of Washington. *Exhibit 4*. Plaintiff alleged in her Complaint that she "is a resident of Palm Beach County, Florida." *Exhibit 1* at ¶ 3.

Plaintiff alleged in her Complaint that "[t]his is an action for damages that exceed the minimal jurisdictional amount" of the subject Florida Circuit Court ($30,000). *Exhibit 1* at ¶ 1. As it was unclear from the face of Plaintiff's Complaint whether a basis for diversity jurisdiction existed, Defendant served discovery to Plaintiff in the form of request for admissions, to determine whether a basis for federal diversity jurisdiction existed. See *Exhibit 5*.

On April 1, 2022, in response to Defendant's Request for Admissions, Plaintiff admitted that, at the time of the filing of her action she was domiciled in Florida and resides in Florida. *See Exhibit 6 at* ¶ 3 and 6. Further, Plaintiff admitted that the total amount of medical expenses that Plaintiff is claiming as a result of the alleged incident exceeds $75,000. *See Exhibits* 5 *and 6* at ¶ 7.

April 1, 2022 was the earliest date that Defendant was served with any pleading or other paper in this action indicating that the jurisdictional requirements were met. *See Exhibit 1 and Exhibit 6*. Accordingly, Defendant timely filed this Notice of Removal within thirty days thereafter.

## MEMORANDUM OF LAW

28 U.S.C. § 1441 Removal of civil actions, states:

> "(a) Generally. – Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1). Corporations shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.  See 28 U.S.C. § 1332(c)(1).

In this case, diversity jurisdiction exists pursuant to § 1332(a)(1).  Plaintiff and Defendant are citizens of different states (Florida and Washington, respectively).  *Exhibits* 1, 4, *5*, and 6.  Further, the amount in controversy exceeds $75,000.  *Exhibits 5 and 6.*

Additionally, removal in this case is timely.  28 U.S.C. § 1446(b)(3) provides, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, or a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

In this case, removal is timely as it the Complaint itself did not establish that the action was removable. *Exhibit 1*.  Here, pursuant to § 1446(b)(3), Defendant timely filed the instant Notice of Removal within thirty days after it was served with paper (specifically Plaintiff's Response to Request for Admissions on April 1, 2022) indicating that the amount in controversy exceeds

$75,000. *See Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1286 (S.D. Fla. 2013)(holding that where Complaint did not specifically allege that action exceeded $75,000, plaintiff's response to request for admissions admitting damages in excess of $75,000 triggered 30 day removal period).

Accordingly, pursuant to 28 U.S.C. § 1441, based on the evidence provided hereto, Defendant timely removes this action to this Court as it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

Respectfully submitted,

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560    Fax: 561/688-2343
Service Email: service_blb@rrbpa.com
Email: bbedard@rrbpa.com
Attorneys for Costco

*/S/ Benjamin L. Bedard*
BENJAMIN L. BEDARD
Florida Bar No: 983772

(Certificate of service on the following page)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY 2nd day May, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC.  I also certify that the foregoing document is being served this day to Dale Buckner, Esq., Counsel for Plaintiff, 1645 Palm Beach Lakes Blvd, Ste 900, West Palm Beach, Fl  33401, dbuckner@injurylawyers.com; ccuello@injurylawyers.com, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, PLLC
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560     Fax: 561/688-2343
Email: bbedard@rrbpa.com; dclement@rrbpa.com
Attorneys for Costco

 _/S/ Benjamin L. Bedard__
BENJAMIN L. BEDARD
Florida Bar No: 983772